UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARITA MERRICKS

     Plaintiff,

v.                                   CASE NO.  8:12-CV-1805-T-17AEP

JEFFERY ADKISSON,
etc., et al.,

     Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 18  Motion to Dismiss Count II
Dkt. 19  Response in Opposition

This case includes Plaintiff's claim of excessive force and unlawful or offensive touching by Defendant Adkisson. Plaintiff's Amended Complaint (Dkt. 17) includes:

| | | |
|---|---|---|
| Count I | 42 U.S.C. Sec. 1983 | Jeffery Adkisson |
| Count II | State Claim of Battery | Jeffery Adkisson, Individually |
| Count III | State Claim for Battery | City of Clearwater Vicarious Liability |

I. Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007),

Case No. 8:12-CV-1805-T-17AEP

but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

II. Discussion

     Defendant Adkisson moves to dismiss Count II         for failure to state a claim under Rule 12(b)(6).  Defendant Adkisson argues that Plaintiff has not alleged that Defendant Adkisson acted in bad faith, with malicious intent, or in a manner exhibiting wanton and willful disregard of human rights, safety or property.  Defendant relies on Sec. 768.28(9)(a), Florida Statutes:

> No officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless

2

Case No. 8:12-CV-1805-T-17AEP

such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

Plaintiff Merricks responds that Plaintiff's factual allegations are sufficient to raise Plaintiff's right to relief above the speculative level, when the factual allegations are taken as true.

The Court notes the factual allegations of Plaintiff's Amended Complaint. The Court is not required to accept legal conclusions, e.g. "Corporal Adkisson did not have probable cause to believe Ms. Merricks had committed a crime" as true. The Court understands that Defendant Adkisson initiated a traffic stop, that Plaintiff provided her license and registration, which were held by Defendant Adkisson, that during the traffic stop Defendant Adkisson continued to question Plaintiff, and requested consent to search Plaintiff's vehicle. Plaintiff declined to permit Defendant Adkisson to search the vehicle; Defendant Adkisson insisted upon searching the vehicle, and, without consent, reached into the vehicle, pushed the unlock buttons, opened the front door, and turned the vehicle key to the off position. Plaintiff refused to allow Defendant Adkisson to "disengage her vehicle." Defendant Adkisson then tried to pull Plaintiff out of the vehicle, but Plaintiff's seat belt was still on; after disengaging the seat belt, Defendant Adkisson pulled Plaintiff out of the vehicle.

In Par. 33 of the Amended Complaint, Plaintiff alleges:

33. Corporal Adkisson's actions of intentionally, recklessly, and offensively reaching into the car and grabbing Ms. Merricks by the wrist and subsequently dragging her to the ground against her will when she was compliant, unarmed, and had not having committed any crimes (sic) was done with malicious intent. As such, Corporal Adkisson should be held liable for damages to Ms. Merricks in his individual capacity.

Case No. 8:12-CV-1805-T-17AEP

It is unclear to the Court what Plaintiff's refusal to allow Defendant Adkisson to "disengage her vehicle" entailed; nevertheless, after consideration, the Court finds that Plaintiff has alleged sufficient facts, construed in the light most favorable to Plaintiff, to state a claim for battery.

The Court understands that Counts II and III are pled in the alternative. Either Defendant's Adkisson's actions which caused injury to Plaintiff were done with malicious intent, such that Defendant Adkisson may be personally liable for Plaintiff's injuries, or Defendant Adkisson's actions which caused injury to Plaintiff were done within the scope of Defendant Adkisson's employment, for which Defendant Adkisson's employer, City of Clearwater, may be vicariously liable.

After consideration, the Court denies the Motion to Dismiss. Accordingly, it is

**ORDERED** that Defendant Adkisson's Motion to Dismiss Count II (Dkt. 18) is **denied.**

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 10th day of July, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record