**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SARITA MERRICKS,

    Plaintiffs,

vs.                                              Case No. 8:12-CV-01805-T-MAP

JEFFERY ADKISSON, individually and in
his official capacity as a Corporal of the
Clearwater Police Department and CITY OF
CLEARWATER,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court pursuant to the Defendant's Motion for Summary Judgment, (Doc. # 24), filed January 6, 2014, and the Plaintiff's Response, (Doc. # 26), filed January 21, 2014. For the reasons that follow, the Motion is **DENIED**.

## BACKGROUND AND UNDISPUTED MATERIAL FACTS

At all times material to this matter, Defendant Jeffery Adkisson was, and remains, a police officer with the Clearwater Police Department. (Doc. # 24, p.4). On August 11, 2008, Defendant Adkisson was operating a patrol vehicle in the City of Clearwater when he conducted a traffic stop on the Plaintiff, Sarita Merricks. Id. Defendant Adkisson was concerned Plaintiff Merricks' vehicle had illegal tint, and Defendant Adkisson wished to examine the tint for any potential violation of Florida Statute § 316.2953. Id. Plaintiff does not dispute she was operating her motor vehicle in a violent, high-crime and high-drug neighborhood. Id. While Plaintiff rolled both her driver-side and passenger-side windows down at the request of Defendant Adkisson, the car remained running. Id. 5. During this

encounter, Defendant Adkisson allegedly detected the odor of marijuana, and informed Plaintiff Merricks of his intent to search the vehicle. Id. at 5. Defendant Adkisson reached into Plaintiff Merricks' vehicle, unlocked the door, turned the ignition to the "off" position, and attempted to forcibly removed Plaintiff Merricks from the vehicle. Id. at 5. Plaintiff Merricks was utilizing the shoulder restrain portion of her seatbelt, which initially prevented Defendant Adkisson from removing Plaintiff Merricks from the vehicle. Id. at 5. After he noticed the seatbelt, Defendant Adkisson held Plaintiff Merricks' wrist, unbuckled the seatbelt, and pulled her out of the vehicle, at which time Plaintiff allegedly suffered an injury to her right rotator cuff. Id. at 6.

## **LEGAL STANDARD**

Summary judgment is appropriate if the pleadings, discovery, disclosure materials on file, and any affidavits demonstrate there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Anderson, 477 U.S. at 248. However, if the

evidence is merely colorable…or is not significantly probative…summary judgment may be granted.  Id. at 249–250.

## **ANALYSIS**

**1. Qualified Immunity**

Defendant Jeffery Adkisson asserts qualified immunity protects him from liability. Qualified immunity serves to protect officials "required to exercise their discretion" as well as "the related public interest in encouraging the vigorous exercise of official authority." Butz v. Economou, 438 U.S. 478, 506 (1978).  Public officials are immune from liability "for the performance of their discretionary functions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818).  To receive qualified immunity, the public official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred."  Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002)) (internal quotation marks omitted).

After a defendant proves he or she was acting within his or her discretionary authority, the inquiry then turns to a two-part test, where the plaintiff bears the burden to demonstrate qualified immunity is inappropriate.  Lee, 284 F.3d at 1194.  This two-part test inquires whether a plaintiff's allegations, if true, establish a constitutional violation; and second, whether the violated constitutional right was clearly established which a reasonable official would have known.  Vinyard, 311 F.3d at 1346 (citing Harlow, 457 U.S. at 818).  A constitutional right is clearly established when it has "been developed in such a concrete and factually defined context to make it obvious to all reasonable government

3

actors, in the defendant's place, that what he [or she] is doing violates federal law." Stanley v. City of Dalton, Ga., 219 F.3d 1280 (11th Cir. 2000); see Evans v. Stephens, 407 F.3d 1272, 1182 (11th Cir. 2005) (holding that "a law is clearly established only if it dictates, that is, truly compels, the conclusion for all reasonable, similarly situated public officials that what defendant was doing violated [p]laintiffs' federal rights in the circumstances"). The notice to officials must be "fair and clear." Hope v. Pelzer, 536 U.S. 730, 745 (2002) (quoting U.S. v. Lanier, 520 U.S. 259, 271 (1997)). An officer will be entitled to qualified immunity if his actions were objectively reasonable. Vinyard, 311 F.3d at 1346. The Supreme Court determined this inquiry need not occur in any sequence, and courts "may exercise sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances[.]" Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Here, the Plaintiff does not dispute Defendant Adkisson was acting in his discretionary authority as a law enforcement officer when the alleged constitutional violation occurred, and concedes it is her burden not only to demonstrate a constitutional right was violated, but that also the illegality of the officer's actions was "clearly established" at the time of the incident. (Doc. # 26, p.3). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment Interests against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989) (citing Terry v. Ohio, 392 U.S. 1, 8 (1968)) (internal quotation marks omitted). The test of reasonableness under the Fourth Amendment "requires careful attention to the facts and circumstances of each particular

4

case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396 (citing Tennessee v. Garner, 471 U.S. 1, 8–9 (1985)). Therein lies the problem—the Defendant claims the Plaintiff refused multiple requests to exit the vehicle, yet the Plaintiff claims the Defendant ripped her from the car without provocation. At summary judgment, the Court must consider all facts in the light most favorable to the non-moving party, here the Plaintiff. Taking the Plaintiff at her word, as the Court is required at this stage of litigation, the force could easily be considered excessive in violation of Plaintiff's Fourth Amendment rights; the officer did not perceive any immediate threat or danger, the severity of the crime at issue was a non-violent drug-related offense, and the Plaintiff did not actively resist or attempt to evade arrest by flight. Therefore, the application of qualified immunity is inappropriate at this stage of litigation, as material questions of fact exist for resolution by a trier of fact.

### 2. Florida Statute § 768.28(9)(a) Immunity

As the above qualified immunity failed, so too must the Florida Statute § 768.28(9)(a) immunity. In her complaint and deposition, Plaintiff alleged the officers were "profiling" and suspected her vehicle was suspicious in a violent, high-crime, high-drug neighborhood. (Doc. # 24, p.4). As previously noted, at summary judgment the Court is required to construe all facts in a light most favorable to Plaintiff, and if—taking Plaintiff at her word—Defendant Adkisson did not instruct Plaintiff to exit the vehicle, a reasonable jury could conclude the physical force used to remove her from the vehicle exhibited wanton and willful disregard for her safety. See, e.g., Thompson v. Douds, 852 So.2d

5

299 (Fla. 2d DCA 2003) (question of fact existed as to whether officers unreasonably restrained a citizen during a wellness check); see also, e.g., McGhee v. Volusia County, 679 So.2d 729 (Fla. 1996) (question of fact existed as to whether officer used reasonable force by kicking arrestee while restrained).  Accordingly, it is

**ORDERED** Defendant's Motion for Summary Judgment is **DENIED**;

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22d day of May, 2014.

_____
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record